IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALEDADE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. |
| ALIDADE GROUP, LLC AND | ) | |
| MEDIX STAFFING SOLUTIONS, INC., | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff, Aledade, Inc. ("Aledade"), by and through counsel, hereby files this Complaint for trademark infringement against Alidade Group, LLC ("Alidade") and Medix Staffing Solutions, Inc. ("Medix") (collectively "Defendants"). Aledade alleges and states as follows:

### NATURE OF THE ACTION

1. This is an action for federal trademark infringement pursuant to 15 U.S.C. § 1114(1) ("Count I"), violations of the Illinois Uniform Deceptive Trade Practices Act pursuant to 815 Ill. Comp. Stat. 510 ("Count II"), and trademark infringement and unfair competition under Illinois common law ("Count III"), based on Defendants' use of the mark ALIDADE, which is confusingly similar to Aledade's mark ALEDADE.

### PARTIES

2. Plaintiff Aledade, Inc. is a Delaware corporation with its principal place of business at 4550 Montgomery Avenue, Suite 950N, Bethesda, Maryland 20814.

1

3. Upon information and belief, Defendant Alidade Group, LLC, is a Delaware limited liability company with its principal place of business at 222 S. Riverside Plaza, Suite 2120, Chicago, Illinois 60606.

4. Upon information and belief, Defendant Medix Staffing Solutions, Inc., is an Illinois corporation with its principal place of business at 222 S. Riverside Plaza, Suite 2120, Chicago, Illinois 60606.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Count I of this action, a claim arising under federal trademark law, pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121.

6. This Court also has supplemental jurisdiction over the related state law claims in Counts II and III pursuant to 28 U.S.C. §§ 1338(b) and 1367.

7. Upon information and belief, this Court has personal jurisdiction over Defendant Medix at least because Medix is incorporated in the State of Illinois, has an agent for service of process in the State of Illinois, and has its principal place of business in the State of Illinois.

8. Upon information and belief, this Court has personal jurisdiction over Defendant Alidade at least because Alidade is a subsidiary of Medix, Alidade has its principal place of business in the State of Illinois, transacts business in Illinois, regularly does or solicits business in Illinois, engages in other persistent courses of conduct in Illinois, maintains continuous and systematic contacts in Illinois, purposefully avails itself of the privileges of doing business in Illinois, and/or derives substantial revenue from goods and services provided to individuals in Illinois.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because, among other reasons, Defendants are entities that are deemed to reside in this judicial

district because they are subject to personal jurisdiction in this judicial district, both Defendants have principal places of business in Chicago, Illinois, both Defendants have transacted business in this judicial district, and a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district.

## FACTUAL BACKGROUND

10. Upon information and belief, Medix is the parent company of Alidade.

11. Upon information and belief, Alidade is a subsidiary of Medix.

12. Aledade is a leading provider of healthcare business and management consulting services and solutions. Aledade currently works with primary care and multi-specialty practices of all sizes, as well as Federally Qualified Healthcare Centers that provide primary care services in underserved areas across the country to provide evidence-based healthcare that improves patient outcomes while reducing the cost of patient care. Aledade's work enabling value-based healthcare arrangements has saved the Federal Medicare program more than $100 million, while reducing emergency room visits and hospitalizations and improving the quality of countless patients' lives.

13. Aledade has achieved this remarkable result by providing a suite of technology-based solutions and services that facilitate patient management. Among other services, Aledade works with practices and healthcare centers to implement and optimize their electronic health records ("EHRs"). Although Aledade supports many different EHRs, it is particularly relevant here that Aledade advises on, implements and optimizes "Epic" EHRs—a well-known and widely-used EHR platform—which is used by independent practices and healthcare facilities of varying sizes across the United States. Aledade provides this advice and support through staffing supplementation, where a dedicated group of Aledade employees provides in-person training and

support for practice and clinic staff, and consults directly with healthcare providers to operationalize and optimize their EHR systems.

14. Aledade is the owner of U.S. Service Mark Registration No. 4,937,337 for the mark ALEDADE in connection with "business and management consulting for healthcare providers and related businesses." Among the many services that Aledade referenced in its registration is "consulting in the fields of healthcare operations management and hospital operations management." EHR implementation and optimization—including implementation and optimization of Epic EHRs—falls within those consulting services. Attached hereto as Exhibit A is a true and correct copy of the Certificate of Registration from the United States Patent and Trademark Office ("USPTO") for U.S. Service Mark Registration No. 4,937,337.

15. Aledade has invested a significant amount of time and money promoting, popularizing, and protecting its mark ALEDADE since at least as early as June 1, 2014, and, as such, has built up a significant amount of goodwill associated with the mark ALEDADE.

16. Upon information and belief, and from a time commencing long after Aledade began using its mark ALEDADE, Defendants began providing under the mark ALIDADE business and management consulting for healthcare providers and related businesses. Many of these services directly overlap with the services provided by Aledade. According to the Alidade website, Defendants provide "consulting services" and "staffing solutions" focused upon Epic EHR implementation and support within the healthcare industry. In particular, Alidade's website states that Alidade provides strategic staffing placement, training and live support, and advisory, implementation, optimization, and on-demand Epic EHR support. Attached hereto as Exhibit B are screenshots from Alidade's website at www.alidadegroup.com showing Alidade's services and its use of the mark ALIDADE. Further, Medix's website states that Alidade is "the Epic advisory

4

and staff augmentation arm of Medix," and that the Alidade team "specializes in advising, implementing, optimizing and supporting Epic projects within healthcare systems of all sizes." Attached hereto as Exhibit C are screenshots from Medix's website at www.medixteam.com showing Alidade as part of the "Medix Family" and Medix's use of the mark ALIDADE.

17. Upon information and belief, on or around March 6, 2018, Defendant Medix applied to register with the USPTO the mark ALIDADE for services that include "business and management consulting for healthcare providers and related businesses." Attached hereto as Exhibit D is a true and correct copy of the Trademark Electronic Search System ("TESS") print-out from the USPTO for Medix's application, U.S. Serial No. 87822450. Attached hereto as Exhibit E is a true and correct copy of the Trademark Status & Document Retrieval ("TSDR") print-out from the USPTO for that application.

18. Upon information and belief, on or around June 22, 2018, the USPTO provided a first Office Action in the above application for the mark ALIDADE, refusing to register the mark ALIDADE because of a likelihood of confusion with Aledade's registered mark ALEDADE. Attached hereto as Exhibit F is a true and correct copy of the June 22, 2018 USPTO Office Action from TSDR.

19. Upon information and belief, on or around February 6, 2019, the USPTO provided a Final Office Action in the above application for the mark ALIDADE, again refusing to register the mark because of a likelihood of confusion with Aledade's registered mark ALEDADE. The USPTO noted that "in light of the similarity between the marks and the relatedness of the services, purchasers familiar with the registrant's mark ALEDADE for the relevant services upon encountering ALIDADE for the relevant services would likely mistakenly believe that the services

5

emanate from a common source." Attached hereto as Exhibit G is a true and correct copy of the February 6, 2019 USPTO Final Office Action from TSDR.

20. Upon information and belief, on or around January 16, 2020, the ALIDADE application was abandoned by the USPTO because "the applicant's response failed to meet the relevant statutory and/or regulatory requirements." Attached hereto as Exhibit H is a true and correct copy of the January 16, 2020 USPTO Notice of Abandonment from TSDR.

21. Upon information and belief, Defendant Alidade has continued to market its business and management consulting for healthcare providers and related businesses services, which are identical or substantially similar to those services provided by Aledade, under and in connection with the mark ALIDADE, years after Aledade had used and built up a significant amount of goodwill in its mark ALEDADE. Attached hereto as Exhibit I are screenshots from Alidade's website at www.alidadegroup.com showing Alidade's current and continued use of the mark ALIDADE.

22. Upon information and belief, Defendant Medix has continued to market its business and management consulting for healthcare providers and related businesses services, which are identical or substantially similar to those services provided by Aledade, under and in connection with the mark ALIDADE, years after Aledade had used and built up a significant amount of goodwill in its mark ALEDADE. Attached hereto as Exhibit C are screenshots from Medix's website at www.medixteam.com showing Medix's current and continued use of the mark ALIDADE.

23. Aledade recently learned of Defendants' use of the mark ALIDADE, which is substantially the same and/or identical to Aledade's mark ALEDADE with respect to how the

respective marks sound, how they appear, and the connotation they project. In fact, the two marks only differ by one letter and are pronounced the same.

24. Upon information and belief, on or around October 2019, Aledade and, upon information and belief, Medix both attended the New Jersey Healthcare Financial Management Association Annual Institute Meeting, which markets to healthcare executives. Aledade had a booth set up to advertise and promote its services. At one point, a Medix employee approached the Aledade booth because he thought that the people at the Aledade booth were co-workers of his who worked for Alidade. When faced with this actual confusion between Aledade and Alidade by a Medix employee, the Aledade employees explained that they work for Aledade. On further information and belief, the Medix employee then mentioned that Medix "has a company called Aledade too." Upon information and belief, on or about October 17, 2019, that same Medix employee sent an e-mail to one of the Aledade employees that was present at the annual meeting and referenced "the work we are **each** doing in the value based care space (the other Aledade)," acknowledging that Defendants are operating within Aledade's channel of trade and/or service space.

25. On November 22, 2019, Aledade sent Defendants a letter informing Defendants that their use of the mark ALIDADE constituted an unauthorized use of Aledade's trademark and was likely to cause confusion in the marketplace. Aledade requested that Defendants immediately stop all use of the mark ALIDADE, change the Alidade company name and website to remove any reference to the mark ALIDADE, and destroy all materials related to use of the mark ALIDADE.

26. Defendants have not complied with Aledade's request to stop using the mark ALIDADE. Aledade's customers and potential customers will likely continue to be confused about the origin of Defendants' services or an association between Aledade and Defendants, when no

such association exists. Defendants' use of the mark ALIDADE has caused, and will continue to cause, damage and irreparable injury to Aledade.

**COUNT I – FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1)**

27. The allegations of preceding paragraphs 1 through 26 are realleged and incorporated by reference as if fully set forth herein.

28. Aledade has marketed its services under its distinctive mark ALEDADE for over five years, and thus has built up a significant amount of goodwill associated with the mark ALEDADE.

29. Defendants have never sought or obtained the consent of Aledade to use the mark ALIDADE, nor has Aledade approved any of Defendants' services offered under the mark ALIDADE.

30. Defendants' mark ALIDADE so resembles Aledade's mark ALEDADE in appearance, sound, meaning, connotation, and commercial impression that the use thereof is likely to cause confusion, mistake and deception, and will continue to do so, as to the source, origin, or sponsorship, or approval by Aledade, of Defendants' services and will injure and damage Aledade and the goodwill and reputation symbolized by the mark ALEDADE, in violation of 15 U.S.C. § 1114.

31. Defendants' services offered under the mark ALIDADE are identical and/or so closely related to Aledade's services offered under the mark ALEDADE that the public is likely to be confused, mistaken, or deceived, and to assume erroneously that Defendants' services are those of Aledade or that Defendants are in some way connected with, licensed by, sponsored by, or affiliated with Aledade, all to Aledade's irreparable damage, as well as the public's detriment, in violation of 15 U.S.C. § 1114.

32. Defendants have deliberately persisted in their infringing use of the mark ALIDADE despite their knowledge of Aledade's rights in the mark ALEDADE since at least June 22, 2018, the date of the USPTO's First Office Action, which notified Defendants of Aledade's mark ALEDADE. As such, Defendants' infringement and violation of 15 U.S.C. § 1114 is willful, making this an exceptional case under 15 U.S.C. § 1117.

33. Defendants, by way of their infringing use of a mark that is confusingly similar to Aledade's mark ALEDADE, have caused and continue to cause Aledade to suffer damages in an amount to be determined at trial, and have caused and are causing Aledade irreparable harm in the form of at least lost market share and loss of goodwill. Aledade has no adequate remedy at law against Defendants' acts of infringement, and, unless Defendants are enjoined from using the mark ALIDADE, Aledade will continue to suffer irreparable harm.

34. Aledade is entitled to recover from Defendants damages at least in an amount adequate to compensate for Defendants' infringement, which amount has yet to be determined.

**COUNT II – DECEPTIVE TRADE PRACTICES UNDER 815 ILL. COMP. STAT. 510/2**

35. The allegations of preceding paragraphs 1 through 34 are realleged and incorporated by reference as if fully set forth herein.

36. Defendants have engaged in deceptive trade practices in violation of 815 Ill. Comp. Stat. 510/2 by, in the course of their business, causing a likelihood of confusion and misunderstanding as to the source, sponsorship, approval, or certification of their services, and as to the affiliation, connection, or association with, or certification by, Aledade.

37. Defendants, by way of their infringing use of a confusingly similar mark to Aledade's mark ALEDADE, have caused and continue to cause Aledade to suffer damages in an amount to be determined at trial, and have caused and are causing Aledade irreparable harm in the

form of at least lost market share and loss of goodwill. Aledade has no adequate remedy at law against Defendants' acts of infringement and, unless Defendants are enjoined from using the mark ALIDADE, Aledade will continue to suffer irreparable harm.

38. Defendants have deliberately persisted in their infringing use of the mark ALIDADE despite their knowledge of Aledade's rights in the mark ALEDADE and knowledge of a likelihood of consumer confusion since at least as early as June 22, 2018. As such, Defendants' infringement and violation of 815 Ill. Comp. Stat. 510/2 is willful, warranting an assessment of costs and/or attorneys' fees against Defendants.

### COUNT III – ILLINOIS COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

39. The allegations of preceding paragraphs 1 through 38 are realleged and incorporated by reference as if fully set forth herein.

40. Aledade has marketed its products and services under its distinctive mark ALEDADE for over five years and has thus acquired common law rights in, and built up a significant amount of goodwill associated with, the mark ALEDADE.

41. Defendants' mark ALIDADE so resembles Aledade's mark ALEDADE in appearance, sound, meaning, connotation, and commercial impression that it has caused a likelihood of confusion and will continue to cause confusion, as to the affiliation, connection, or association with, or certification by, Aledade, and as to the origin, source, sponsorship, or approval of Defendants' services, or certification by Aledade of Defendants' services, thereby constituting infringement and unfair competition in violation of Illinois common law.

42. Defendants have deliberately persisted in their infringing use of the mark ALIDADE despite their knowledge of Aledade's rights in the mark ALEDADE and knowledge of

a likelihood of consumer confusion since at least as early as June 22, 2018. As such, Defendants' infringement is willful.

43. Defendants, by way of their infringing use of a mark that is confusingly similar to Aledade's mark ALEDADE, have caused and continue to cause Aledade to suffer damages in an amount to be determined, and have caused and are causing Aledade irreparable harm in the form of at least lost market share and loss of goodwill. Aledade has no adequate remedy at law against Defendants' acts of infringement and, unless Defendants are enjoined from using the mark ALIDADE, Aledade will continue to suffer irreparable harm.

44. Aledade is entitled to recover from Defendants damages at least in an amount adequate to compensate for Defendants' infringement, which amount has yet to be determined.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Aledade hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Aledade prays for judgment as follows:

A. A judgment that Defendants' use of the mark ALIDADE infringes and has infringed Aledade's rights in the mark ALEDADE in violation of 15 U.S.C. § 1114;

B. A judgment that Defendants engage in and have engaged in deceptive trade practices by using the mark ALIDADE in violation of 815 Ill. Comp. Stat. 510/2;

C. A judgment that Defendants' use of the mark ALIDADE infringes and has infringed, and constitutes unfair competition, in violation of Illinois common law;

D. An order pursuant to 15 U.S.C. § 1116 and/or 815 Ill. Comp. Stat. 510/1 *et seq.*, preliminarily and permanently enjoining Defendants and their officers, directors, agents, servants,

employees, affiliates, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from using the mark ALIDADE, or any colorable form thereof, in connection with business and management consulting for healthcare providers and related products and services;

E. An order, in accordance with 15 U.S.C. § 1116, requiring Defendants to file with this Court and serve upon Aledade within thirty (30) days after service of the permanent injunction a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the permanent injunction;

F. An order, pursuant to 15 U.S.C. § 1118, that Defendants deliver up and destroy, or show proof of destruction of, all articles, products, displays, circulars, letterhead, business cards, literature, materials, labels, signs, prints, packages, wrappers, receptacles, and advertisements bearing the mark ALIDADE, and delete any and all electronic uses of the mark ALIDADE under Defendants' control or under Defendants' authorization, including but not limited to on electronic information, computer files, or websites;

G. An award of damages to Aledade to which it is entitled under 15 U.S.C. § 1117, 815 Ill. Comp. Stat. 510/1 *et seq.*, and Illinois common law for Defendants' past infringement, unfair competition, and/or deceptive trade practices and any continuing or future infringement, unfair competition, and/or deceptive trade practices up until the date Defendants are finally and permanently enjoined from further use of the mark ALIDADE, including compensatory damages;

H. An award to Aledade of pre- and post-judgment interest on its damages;

I. An award to Aledade of treble and/or enhanced damages under 15 U.S.C. § 1117 and/or 815 Ill. Comp. Stat. 510/1 *et seq.*, and other applicable statutes or law, for Defendants' willful and intentional infringement;

J. A declaration that this case is exceptional and an award to Aledade of its reasonable costs and expenses in this action, including reasonable attorneys' fees under 15 U.S.C. § 1117, 815 Ill. Comp. Stat. 510/1 *et seq*., and other applicable statutes or laws, including interest; and

K. An award to Aledade of such other and further relief as this Court may deem just and proper.

Dated: February 5, 2020

Respectfully submitted,

/s/ Patrick J. Arnold Jr.
Patrick J. Arnold Jr. (No. 6203666)
Carey J. Prill (No. 6305009)
**McANDREWS, HELD & MALLOY, LTD.**
500 West Madison Street, Suite 3400
Chicago, Illinois 60661
Telephone: (312) 775-8000
Email: parnold@mcandrews-ip.com
cprill@mcandrews-ip.com

*Attorneys for Plaintiff,*
**Aledade, Inc.**